**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5018**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANA LEE HUNTER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00105-JAB)

Submitted:  May 23, 2007               Decided:  July 10, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Lee Hunter entered a conditional plea of guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), reserving the right to challenge the district court's denial of his motion to dismiss the indictment. Hunter appeals, contending that his predicate state conviction, cruelty to animals, did not satisfy § 922(g)(1) as a matter of law. Finding no error, we affirm.

Section 922(g)(1) prohibits anyone who has been convicted of a crime punishable by more than a year in prison to possess a firearm. 18 U.S.C. § 922(g)(1). Hunter asserts that, under North Carolina's structured sentencing scheme law, his maximum sentence was less than twelve months because no aggravating factors were either admitted or found by a jury beyond a reasonable doubt. However, as Hunter concedes, his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005). Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of cruelty to animals in North Carolina, Hunter's prior conviction was properly considered a predicate felony under § 922(g)(1).

Accordingly, we affirm Hunter's conviction. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED